United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC COAST FEDERATION OF FISHERMEN'S ASSOCIATION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>GARY LOCKE, et al.,<br><br>Defendants. | No. C 10-04790 CRB<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION** |

Now pending before the Court is Defendants' Motion for Reconsideration of an Order denying a motion to relate cases. After careful consideration of the papers submitted,[1] the Motion For Reconsideration is DENIED.

## I. BACKGROUND

On October 22, 2010, Plaintiffs, Pacific Coast Federation of Fishermen's Associations (PCFFA) and others, filed a Complaint against Defendants claiming violations of the Magnuson-Stevens Fishery Conservation and Management Act, the National Environmental Policy Act, and the Administrative Procedure Act. See generally Compl. (Dkt. 1). PCFFA challenged the National Marine Fisheries Services' partial approval of Amendments 20 and 21 to the Pacific Groundfish Fishery Management Plan. Id. ¶¶ 33, 43, 51, 73. Amendment

---

[1] Defendants do not seek oral argument.

1  20 established a trawl rationalization program for the Pacific Groundfish Fishery.  See
2  Fisheries Off West Coast States, 75 Fed. Reg. 60,868 (Oct. 1, 2010) (supplemented by 75
3  Fed. Reg. 78,344).  Amendment 21 established fixed allocations for limited entry trawl
4  participants.  Id.  PCFFA represents fishermen who use non-trawl gear and are excluded
5  from the trawl rationalization program.  Compl. ¶ 8.  PCFFA filed its First Amended
6  Complaint (FAC) on January 6, 2011 to add claims challenging regulations that were
7  recently promulgated in December 2010.  See generally FAC (Dkt. 28); Opp'n (Dkt. 36) at 3
8  n.1.  Defendants have not yet filed an answer.

9  On November 15, 2010, Defendants filed a motion to relate Pacific Dawn v. Locke,
10 No. 3:10-cv-4829-TEH with this case.  Mot. to Relate (Dkt. 9).  Magistrate Judge Maria
11 Elena James, to whom this case had been assigned, denied the motion to relate on November
12 22, 2010.  Order on Mot. to Relate Case (Dkt. 14).  Defendants submitted a motion for leave
13 to file a motion for reconsideration of Magistrate Judge James's Order, and the Court granted
14 leave on December 20, 2010.  Order on Mot. for Leave to File (Dkt. 26).  Now pending
15 before the Court is Defendant's Motion for Reconsideration.  Mot. for Recons. (Dkt. 29).

16 **II.    LEGAL STANDARD**

17 Where, as here, a court's ruling has not resulted in a final judgment or order,
18 reconsideration of the ruling may be sought under Rule 54(b) of the Federal Rules of Civil
19 Procedure.  Rule 54(b) provides that any order which does not terminate the action is subject
20 to revision at any time before the entry of judgment.  Fed. R. Civ. P. 54(b).  Reconsideration
21 of a court's prior ruling is an "extraordinary remedy, to be used sparingly."  Kona Enter., Inc.
22 V. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000).  A party must first obtain leave of the
23 court to file a motion for reconsideration.  See Civil L.R. 7-9(a).  "Reconsideration is
24 appropriate if the district court (1) is presented with newly discovered evidence, (2)
25 committed clear error or the initial decision was manifestly unjust, or (3) if there is an
26 intervening change in controlling law."  Calloway v. Cal. Dep't of Corr. And Rehab., No. C
27 07-2335, 2010 WL 1221883, at *2. (N.D. Cal. 2010) (quoting Sch. Dist. No. 11 v. ACandS,
28 Inc., 5 F.3d 1255, 1263 (9th Cir.1993) (internal quotation marks omitted)).

2

**III.   DISCUSSION**

Defendants move for reconsideration on the basis that they "believe that the Court failed to consider material facts presented in their motion to relate." Mot. for Recons. at 6. Defendants appear to argue that the Court "committed clear error" or that the Court's decision was "manifestly unjust."

"A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948); Anti-Monopoly, Inc. v. Gen. Mills Fun Grp., Inc., 684 F.2d 1316, 1318 (9th Cir. 1982). A decision is manifestly unjust if it contains an error that "is direct, obvious, and observable." See In re Oak Park Calabasas Condo. Ass'n, 302 B.R. 682, 683 (Bankr. C.D. Cal. 2003).

The Court does not have a definite and firm conviction that the denial of Defendants' motion to relate was a mistake, nor that it contained a direct and obvious error. Therefore, Defendants have not demonstrated clear error or manifest injustice, and their Motion for Reconsideration is DENIED.

\* \* \*

A motion to relate cases should be granted when: "(1) The actions concern substantially the same parties, property, transaction or event; and (2) It appears likely that there will be unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Civil L.R. 3-12(a).

Defendants sought to relate Pacific Dawn to this case. They argued that both cases involve the same defendants and identical administrative records concerning fishing rights in the Pacific Coast Groundfish Fishery. Mot. for Recons. at 2. Additionally, according to Defendants, relating the cases would avoid unduly burdensome duplication of labor and expense and possibly conflicting results. Id.

Defendants have failed to show how the original Order denying relation was clearly erroneous or manifestly unjust. Because the claims in the two suits are of a different nature, different parts of the administrative record and amendments are relevant to each case.

3

Accordingly, there is unlikely to be unduly burdensome duplication of labor and expense or conflicting results if the cases are tried before different judges. Thus, the original Order denying relation of the two cases was not clearly erroneous or manifestly unjust.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion for Reconsideration is DENIED.

**IT IS SO ORDERED.**



Dated: January 27, 2011

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

G:\CRBALL\2010\4790\Order re Mot for Reconsideration.wpd  4